T.C. Summary Opinion 2006-131

UNITED STATES TAX COURT

KEVIN ORLANDO MCCLAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15948-05S.                    Filed August 28, 2006.

Kevin Orlando McClain, pro se.

<u>Michael Melone</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code as in effect for the year at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined for 2004 a deficiency in petitioner's Federal income tax of $5,443. The issues for decision are whether petitioner is entitled to: (1) Dependency exemption deductions for his cousin and his niece, (2) head of household filing status,[1] (3) an earned income credit, and (4) an additional child tax credit.

## Background

The parties could not reach agreement on a stipulation of facts. The exhibits received in evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Sacramento, California.

Petitioner was self-employed as a barber in 2004. During 2004, petitioner lived in an apartment with his girlfriend Tianna Logan (Ms. Logan), his cousin DR, and his niece AM.[2] AM is the daughter of petitioner's brother. In 2004, DR was in the ninth grade and AM was in the fourth grade.

Ms. Logan was employed in 2004. The apartment that petitioner and the children lived in during 2004 was leased in Ms. Logan's name.

---

[1]The Court's resolution of the issue of petitioner's filing status will determine the correct computation of his standard deduction for 2004.

[2]The Court will refer to the minor children by their initials.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2004, reporting wages of zero, net profit from business of $16,134, and adjusted gross income of $14,994. Respondent issued to petitioner a statutory notice of deficiency determining that petitioner is not entitled to claim head of household filing status. Respondent also disallowed dependency exemption deductions for DR and AM, the earned income credit, and the additional child tax credit because petitioner failed to substantiate his claims.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[3] Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

### Dependency Exemption

Petitioner claimed dependency exemption deductions for DR and AM for 2004. Respondent disallowed the deductions contending that petitioner has failed to provide any substantiation that he provided more than half of DR's and AM's support during 2004.

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each qualifying dependent. A daughter of a brother of the taxpayer is a "dependent" so long as the child's gross

---

[3]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

income for the calendar year in which the taxable year of the taxpayer begins is less than the exemption amount, and more than half the child's support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer.  Secs. 151(c)(1)(A), 152(a)(6).

Section 151(c) also allows a taxpayer to claim an exemption deduction for an individual, such as a cousin, whose relationship with the taxpayer is not specified under section 152(a)(1)-(8).  Sec. 152(a)(9).  An individual is considered a "dependent" if: (1) The individual's gross income for the calendar year in which the taxable year of the taxpayer begins is less than the exemption amount, (2) more than half the individual's support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer, and (3) for the taxable year of the taxpayer, the individual has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.  Secs. 151(c)(1)(A), 152(a)(9).

Although petitioner contends that he provided more than half of DR's and AM's support in 2004, he has failed to offer any records to corroborate his testimony.  Petitioner and Ms. Logan shared the expenses for support of the household in 2004.  It is unclear how petitioner and Ms. Logan allocated the expenses between them.  It is also unclear how much of the expenses paid by petitioner related to the children.

At trial, petitioner's father, Jerry McClain (Mr. McClain), offered testimony relating to the amount of support that petitioner paid for DR and AM during 2004.  Mr. McClain's testimony, however, is not persuasive because he has no personal knowledge as to any of the matters to which he testified.  Mr. McClain's testimony was based entirely on what petitioner told him.

The Court concludes that petitioner has not offered sufficient evidence to show that he provided more than half of DR's and AM's support in 2004.

Head of Household

In the notice of deficiency, respondent determined petitioner's filing status to be single rather than head of household.

Section 1(b) imposes a special tax rate on individuals filing as "heads of households".  "Head of household" is defined in section 2(b) to include an unmarried individual who maintained as his home a household which constitutes for more than one-half of the taxable year the principal place of abode for persons for whom the taxpayer is entitled to claim dependency exemption deductions under section 151.  See sec. 2(b)(1)(A)(ii).  A taxpayer is considered to be maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by the taxpayer.  Sec. 2(b).

Petitioner is not entitled to head of household filing status because he is not entitled to claim dependency exemption deductions for DR and AM.

Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish, inter alia, that the child bears a relationship to the taxpayer prescribed by section 32(c)(3)(B), that the child meets the age requirements of section 32(c)(3)(C), and that the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

A cousin does not meet the relationship test under section 32(c)(3)(B). Therefore, DR is not a qualifying child for purposes of the earned income credit.

In order for a niece to meet the relationship requirement of section 32(c)(3)(B), the taxpayer must show that he cared for the niece as his own child. Sec. 32(c)(3)(B)(i)(II).

Petitioner has not claimed nor offered any evidence to show that he cared for AM as if she were his own daughter. Even if petitioner did provide some financial support for AM, it is insufficient to show that he cared for AM as his own child in 2004. This Court has indicated that merely contributing financially to the support of an individual does not rise to the level of caring for the individual as one's own child. See Mares v. Commissioner, T.C. Memo. 2001-216; Smith v. Commissioner, T.C. Memo. 1997-544.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for a qualifying child, he may be an "eligible individual" under section 32(c)(1)(A)(ii). For 2004, a taxpayer is eligible under this subsection only if his adjusted gross income was less than $11,490. Rev. Proc. 2003-85, sec. 3.06, 2003-2 C.B. 1184, 1187. Petitioner's adjusted gross income was $14,994.

Accordingly, petitioner is not eligible for an earned income credit.

Additional Child Tax Credit

For 2004, petitioner did not claim a child tax credit, but he claimed an additional child tax credit of $637 with DR and AM as qualifying children. Respondent determined that petitioner is not entitled to an additional child tax credit for 2004.

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" is defined in section 24(c). A "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B). Sec. 24(c)(1).

Since petitioner is not allowed to claim deductions for DR and AM as dependents under section 151, petitioner does not have any qualifying children for purposes of the child tax credit. In the absence of any qualifying children in 2004, petitioner is not entitled to claim a child tax credit.

The child tax credit is a nonrefundable personal credit that was added to the Internal Revenue Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 101(a), 111 Stat. 796, with a provision for a refundable credit, the additional child tax credit, for families with three or more children. For taxable years beginning after December 31, 2000, the additional child tax credit provision was amended to remove the restriction that only families with three or more children are entitled to claim the credit. See sec. 24(d)(1); Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 201(c)(1), 115 Stat. 46.

In the absence of other nonrefundable personal credits, a taxpayer is allowed to claim a child tax credit in an amount that is the lesser of the full child tax credit or the taxpayer's Federal income tax liability for the taxable year.  See sec. 26(a).  If the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child tax credit may be refundable as an "additional child tax credit" under section 24(d)(1).  The refundable and nonrefundable portions of the child tax credit cannot exceed the total allowable amount of the credit.

Petitioner is not entitled to claim an additional child tax credit because he did not qualify for a child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.